# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Monica Zeller, | ) |
| | ) |
| Plaintiff, | ) |
| | )  Civil Action No. _____ |
| vs. | ) |
| | ) |
| Assigned Credit Solutions and | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## JURY TRIAL DEMANDED

## **JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Monica Zeller (hereinafter "Plaintiff"), is a natural person residing in the County of Sherburne, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Assigned Credit Solutions, (hereinafter "Defendant"), is a collection agency operating from an address of 800 N Kings Hwy, Suite 100, Cherry Hill, NJ 08034 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6. Sometime prior to May 2008, upon information and belief, Plaintiff's Mother (Barbra Ruis) incurred a financial obligation that was primarily for personal, family or household purposes, and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff's mother.

8. Defendant, as part of its collection campaign, repeatedly contacted Plaintiff by telephone, in regards to collecting the debt of Plaintiff's mother.

9. Plaintiff continuously explained to the Defendant that Plaintiff's mother did not live with Plaintiff and demanded the telephone calls to cease.

10. The conduct of Defendants in contacting Plaintiff, a third party, on multiple occasions in an effort to collect an alleged debt is a violation of numerous and

multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b, 1692d, 1692e, and 1692f amongst others.

### Respondeat Superior Liability

11. The acts and omissions of Defendants debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

12. The acts and omissions by Defendant's debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

13. By committing these acts and omissions against Plaintiff, Defendant's debt collectors were motivated to benefit their principal, Defendant.

14. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

15. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions.

## TRIAL BY JURY

16. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET SEQ.

17. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

18. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

19. As a result of Defendant's foregoing conduct and violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

20. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

21. an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;

22. an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

23. actual damages from Defendant for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial; and

24. such other and further relief as may be just and proper.

Dated: March 10, 2009

**SCRIMSHIRE, MARTINEAU, GONKO & VAVRECK, PLLC**

 s/ Mark L. Vavreck                                    .
Mark L. Vavreck, Esq.
Attorney I.D.#0318619
Designer's Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile:  (612) 659-9220
mark@smgvlaw.com

**ATTORNEY FOR PLAINTIFF**